UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>80 Middle Road, Falmouth, ME 04105 |
| **David Grimaldi and Susan Grimaldi; Bank of America, N.A.** | Mortgage:<br>July 27, 2005<br>Book 22996, Page 33 |
| **Defendants**<br>**Norway Savings Bank**<br>**Internal Revenue Service**<br>**State of Maine Revenue Services** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, David Grimaldi and Susan Grimaldi and Legend Financial Group, Inc., A California Corporation, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in which the Defendant, David Grimaldi, is the obligor and the total amount owed under the terms of the Note is Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust is a corporation with its principal place of business located at c/o Pretium Mortgage Credit Management, 120 South Sixth Street, #2100, Minneapolis, MN 55402.

5. The Defendant, David Grimaldi, is a resident of Falmouth, County of Cumberland and State of Maine.

6. The Defendant, Susan Grimaldi, is a resident of Falmouth, County of Cumberland and State of Maine.

7. The Defendant, Bank of America, N.A. is located at 100 North Tryon Street, Charlotte, NC 28255.

8. The Party-in-Interest, Department of the Treasury - Internal Revenue Service, is located at 1111 Constitution Avenue, NW, Washington, DC 20224.

9. The Party-in-Interest, Maine Revenue Services, is located at c/o Kevin J. Crosman, Esq., Assistant Attorney General, 6 State House Station, Augusta, ME 04333.

10. The Party-in-Interest, Norway Savings Bank, is located at 261 Main Street, Norway, ME 04268.

## FACTS

11. On August 3, 1999, by virtue of a Warranty Deed from Valerie C. Brandt, which is recorded in the Cumberland County Registry of Deeds in **Book 15012, Page 151**, the property situated at 80 Middle Road, City/Town of Falmouth, County of Cumberland, and State of Maine, was conveyed to David Grimaldi, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On July 27, 2005, Defendant, David Grimaldi, executed and delivered to America`s Mortgage Outsource Program a certain Note under seal in the amount of $168,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on July 27, 2005, Defendants, Susan Grimaldi and David Grimaldi executed a Mortgage Deed in favor of America`s Mortgage Outsource Program, securing the property located at 80 Middle Road, Falmouth, ME 04105 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 22996**, **Page 33**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated May 8, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32275**, **Page 213**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Wells Fargo Bank, NA by virtue of an Assignment of Mortgage dated October 9, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32662**, **Page 118**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated February 15, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 33854**, **Page 54**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On January 23, 2017, the Defendant, David Grimaldi, executed a Loan Modification Agreement which increased the principal amount of the Note to $208,608.48 (herein after referred to as the "Loan Modification"). *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

18. On March 12, 2021, the Defendants, David Grimaldi and Susan Grimaldi, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, David Grimaldi and Susan Grimaldi, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

20. The Defendants, David Grimaldi and Susan Grimaldi, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the present holder of

the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the lawful holder and owner of the Note and Mortgage.

23. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

24. Norway Savings Bank is a Party-in-Interest pursuant to a Mortgage in the amount of $53,800.00 dated May 16, 2008, and recorded in the Cumberland County Registry of Deeds in **Book 26148**, **Page 322** and is in second position behind Plaintiff's Mortgage.

25. Internal Revenue Service is a Party-in-Interest pursuant to a Federal Tax Lien in the amount of $21,130.55 dated February 5, 2019, and recorded in the Cumberland County Registry of Deeds in **Book 35544**, **Page 225** and is in third position behind Plaintiff's Mortgage.

26. State of Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $2,242.89 dated September 4, 2019, and recorded in the Cumberland County Registry of Deeds in **Book 35962**, **Page 326** and pursuant to a Notice of State Tax **Lien** in the and amount of $1,899.50 dated January 29, 2020, and recorded in the Cumberland County Registry of Deeds in **Book 36397**, **Page 33,** and is in fourth and fifth position behind Plaintiff's Mortgage.

27. The total debt owed under the Note and Mortgage as of May 7, 2021 is Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $206,181.17 |
| Interest | $24,255.49 |
| Legal Fees | $404.10 |
| Escrow Advance | $16,170.47 |
| Corporate Advance Balance | $8,888.09 |
| Grand Total | $255,899.32 |

28. Upon information and belief, the Defendants, David Grimaldi and Susan Grimaldi, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

29. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 80 Middle Road, Falmouth, County of Cumberland, and State of Maine. *See* Exhibit A.

31. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the holder of the Note referenced in Paragraph 13 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, has the right to foreclosure and sale upon the subject property.

32. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendants, Susan Grimaldi and David Grimaldi, are presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

34. The total debt owed under the Note and Mortgage as of May 7, 2021 is Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $206,181.17 |
| Interest | $24,255.49 |
| Legal Fees | $404.10 |
| Escrow Advance | $16,170.47 |
| Corporate Advance Balance | $8,888.09 |
| Grand Total | $255,899.32 |

35. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendants, Susan Grimaldi and David Grimaldi's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

37. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, David Grimaldi and Susan Grimaldi, on March 12, 2021, evidenced by the Certificate of Mailing. *See* Exhibit H.

38. The Defendants, David Grimaldi and Susan Grimaldi, are not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On July 27, 2005, the Defendant, David Grimaldi, executed under seal and delivered to America`s Mortgage Outsource Program a certain Note in the amount of $168,500.00. *See* Exhibit B.

41. The Defendant, David Grimaldi, is in default for failure to properly tender the January 1, 2018 payment and all subsequent payments. *See* Exhibit H.

42. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, David Grimaldi.

43. The Defendant, David Grimaldi, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

44. The Defendant David Grimaldi's breach is knowing, willful, and continuing.

45. The Defendant David Grimaldi's breach has caused Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of May 7, 2021, if no payments are made, is Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $206,181.17 |
| Interest | $24,255.49 |
| Legal Fees | $404.10 |
| Escrow Advance | $16,170.47 |
| Corporate Advance Balance | $8,888.09 |
| Grand Total | $255,899.32 |

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, David Grimaldi, entered into a written contract with America`s Mortgage Outsource Program who agreed to loan the amount of $168,500.00 to the Defendant. *See* Exhibit B.

50. As part of this contract and transaction, the Defendants, Susan Grimaldi and David Grimaldi, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note and successor-in-interest to America`s Mortgage Outsource Program, and has performed its obligations under the Note and Mortgage.

52. The Defendants, Susan Grimaldi and David Grimaldi, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2018 payment and all subsequent payments. *See* Exhibit H.

53. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, David Grimaldi.

54. The Defendants, Susan Grimaldi and David Grimaldi, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

55. The Defendants, Susan Grimaldi and David Grimaldi, are indebted to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust in the sum of Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32) Dollars, for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to the Defendants.

56. Defendants Susan Grimaldi and David Grimaldi's breach is knowing, willful, and continuing.

57. Defendants Susan Grimaldi and David Grimaldi's breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of May 7, 2021, if no payments are made, is Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $206,181.17 |
| Interest | $24,255.49 |
| Legal Fees | $404.10 |
| Escrow Advance | $16,170.47 |
| Corporate Advance Balance | $8,888.09 |

  Grand Total                         $255,899.32

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

60. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. America`s Mortgage Outsource Program, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, loaned Defendant, David Grimaldi, $168,500.00.  *See* Exhibit B.

62. The Defendants, Susan Grimaldi and David Grimaldi, are in default for failure to properly tender the January 1, 2018 payment and all subsequent payments.  *See* Exhibit H.

63. As a result of the Defendants Susan Grimaldi and David Grimaldi's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust.

64. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

65. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. America`s Mortgage Outsource Program, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, loaned the Defendant, David Grimaldi, $168,500.00. *See* Exhibit B.

67. The Defendants, Susan Grimaldi and David Grimaldi, have failed to repay the loan obligation.

68. As a result, the Defendants, Susan Grimaldi and David Grimaldi, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust as successor-in-interest to America`s Mortgage Outsource Program by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, David Grimaldi, is in breach of the Note by failing to make payment due as of January 1, 2018, and all subsequent payments;

d) Find that the Defendants, Susan Grimaldi and David Grimaldi, are in breach of the Mortgage by failing to make payment due as of January 1, 2018, and all subsequent payments;

e) Find that the Defendants, Susan Grimaldi and David Grimaldi, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Susan Grimaldi and David Grimaldi, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Susan Grimaldi and David Grimaldi have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to restitution;

j) Find that the Defendants, Susan Grimaldi and David Grimaldi, are liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, for money had and received;

k) Find that the Defendants, Susan Grimaldi and David Grimaldi, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Susan Grimaldi and David Grimaldi, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Susan Grimaldi and David Grimaldi, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to restitution for this benefit from the Defendants, Susan Grimaldi and David Grimaldi;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Susan Grimaldi and David Grimaldi, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in the amount of Two Hundred Fifty-Five Thousand Eight Hundred Ninety-Nine and 32/100 ($255,899.32 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Dated: May 27, 2021

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,
By its attorneys,

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com